UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PLEZE ROBINSON,<br><br>      Plaintiff,<br><br>v.<br><br>DURACO PRODUCTS, INC.,<br><br>      Defendant | Case No. 08CV3469<br>Judge Aspen<br>Magistrate Judge Ashman |

**DEFENDANT DURACO PRODUCTS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Duraco Products, Inc. ("Duraco" or "Defendant"), as and for its Answer to Plaintiff Pleze Robinson's ("Plaintiff") Complaint in the above-entitled matter, states and alleges as follows:

**Complaint Paragraph 1**

This is an action for employment discrimination.

**Answer**:

Defendant admits that Plaintiff alleges that he was subject to employment discrimination, but denies that it engaged in any wrongdoing or that Plaintiff is entitled to any relief whatsoever. Defendant denies any and all remaining allegations contained in paragraph 1 of Plaintiff's Complaint.

**Complaint Paragraph 2**

The plaintiff is Pleze Robinson of the county of Cook in the state of IL.

**Answer**:

Defendant admits, upon information and belief, that Plaintiff is a resident of Cook County, Illinois. Defendant denies any and all remaining allegations contained in paragraph 2 of Plaintiff's Complaint.

**Complaint Paragraph 3**

The defendant is Duraco Product Inc., whose street address is 1109 E. Lake Street, (city) Streamwood, (county) DuPage, (state) IL (zip) _____ (Defendant's telephone number) 630-837-6615.

**Answer**:

Defendant admits the allegations contained in paragraph 3 of Plaintiff's Complaint.

**Complaint Paragraph 4**

The plaintiff sought employment or was employed by the defendant at (street address) 1109 E. Lake Street, (city) Streamwood, (county) DuPage, (state) IL.

**Answer**:

Defendant admits that Plaintiff was formerly employed by Defendant. Defendant denies any and all remaining allegations contained in paragraph 4 of Plaintiff's Complaint.

**Complaint Paragraph 5**

The plaintiff was employed but is no longer employed by the defendant.

**Answer**:

Defendant admits that Plaintiff was formerly employed by Defendant. Defendant further admits that it no longer employs Plaintiff. Defendant denies any and all remaining allegations contained in paragraph 5 of Plaintiff's Complaint.

**Complaint Paragraph 6**

The defendant discriminated against the plaintiff on or about, or beginning on or about, 7/6/07.

**Answer**:

Defendant denies the allegations contained in paragraph 6 of Plaintiff's Complaint.

**Complaint Paragraph 7.1**

(a)   The defendant is not a federal governmental agency, and the plaintiff has filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following governmental agencies:  the United States Equal Employment Opportunity Commission, on or about 11/29/07.

(b)   If charges *were* filed with an agency indicated above, a copy of the charge is attached.  YES.  It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received.  The plaintiff has no reason to believe that this policy was not followed in this case.

**Answer**:

Defendant admits, upon information and belief, that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on or about November 29, 2007.  Defendant denies any and all remaining allegations contained in paragraph 7.1 of Plaintiff's Complaint.

**Complaint Paragraph 8**

The United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on 5/21/08 a copy of which *Notice* is attached to this complaint.

**Answer**:

Defendant admits that the Equal Employment Opportunity Commission issued a Notice of Right to Sue on or about May 21, 2008.  Defendant denies any and all remaining allegations contained in paragraph 8 of Plaintiff's Complaint.

**Complaint Paragraph 9**

The defendant discriminated against the plaintiff because of the plaintiff's Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981).

**Answer**:

Defendant admits that Plaintiff purports to base his claim of race discrimination upon Title VII of the Civil Rights Act of 1964, but denies that it engaged in any wrongdoing or that Plaintiff is entitled to any relief whatsoever. Defendant denies any and all remaining allegations contained in paragraph 9 of Plaintiff's Complaint.

**Complaint Paragraph 10**

If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42. U.S.C. § 1983).

**Answer**:

Defendant denies the allegations contained in paragraph 10 of Plaintiff's Complaint.

**Complaint Paragraph 11**

Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), and 42 U.S.C. § 2000e-5(f)(3); for 42 U.S.C. § 1981 and § 1983 by 42 U.S.C. § 1988; for the A.D.E.A. by 42 U.S.C. § 12117; for the Rehabilitation Act, 29 U.S.C. § 791.

**Answer**:

Defendant admits that the Court may properly exercise subject-matter jurisdiction in this matter pursuant to, *inter alia,* 28 U.S.C. § 1331, but denies that it engaged in any wrongdoing or that Plaintiff is entitled to any relief whatsoever. Defendant denies any and all remaining allegations contained in paragraph 11 of Plaintiff's Complaint.

**Complaint Paragraph 12**

The defendant terminated the plaintiff's employment.

**Answer**:

Defendant admits that it terminated Plaintiff's employment, but denies that it engaged in any wrongdoing or that Plaintiff is entitled to any relief whatsoever. Defendant denies any and all remaining allegations contained in paragraph 12 of Plaintiff's Complaint.

**Complaint Paragraph 13**

The facts supporting the plaintiff's claim of discrimination are as follows:

> I was laid off from my employment a white person was given the choice of being laid off or demoted. He got to keep his job. Another white person was hire with lesser experience to take my place.

**Answer**:

Defendant denies the allegations contained in paragraph 13 of Plaintiff's Complaint.

**Complaint Paragraph 14**

*[AGE DISCRIMINATION ONLY]*  Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

**Answer**:

Defendant denies the allegations contained in paragraph 14 of Plaintiff's Complaint.

**Complaint Paragraph 15**

The plaintiff demands that the case be tried by a jury.  YES

**Answer**:

Defendant admits that Plaintiff has requested a jury trial, but denies that it engaged in any wrongdoing or that Plaintiff is entitled to any relief whatsoever. Defendant denies any and all remaining allegations contained in paragraph 15 of Plaintiff's Complaint.

**Complaint Paragraph 16**

THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff:

(i)     Direct the defendant to re-employ the plaintiff.

(ii) If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(iii) Grant such other relief as the Court may find appropriate.

**Answer**:

Defendant denies that it has engaged in any wrongdoing or that Plaintiff is entitled to any of the relief requested. Defendant denies any and all remaining allegations contained in paragraph 16 of Plaintiff's Complaint.

Except as expressly admitted herein, Defendant denies each and every allegation contained in Plaintiff's Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

2. To the extent that plaintiff seeks to recover relief for (1) alleged incidents occurring prior to the limitations period applicable to Plaintiff's claims or discrimination or (2) for alleged incidents not listed within any charge of discrimination or other administrative complaint filed by plaintiff, plaintiff may not recover any relief for any such incidents of alleged discrimination, harassment or retaliation.

3. To the extent plaintiff has failed to exhaust his administrative remedies, his respective claims for relief are barred.

4. To the extent plaintiff failed to institute this action within the time required under the applicable statute of limitations, his claims for relief are barred.

5. Plaintiff's Complaint fails for the reason that any alleged action or failure to act on the part of the Defendant was not the proximate cause of any alleged injury to plaintiff.

6. If Plaintiff has been damaged as alleged, such damages have been caused by his own acts, by the acts of those other than Defendant, or by acts for which Defendant is not responsible.

7. Plaintiff's Complaint fails to state facts sufficient to state a claim that would support an award of actual, compensatory or punitive damages against Defendant.

8. Plaintiff's Complaint is barred in whole or in part by the doctrines of waiver, estoppel, laches, unclean hands, and/or ratification.

9. Plaintiff's Complaint must fail to the extent that he has failed to mitigate his damages, if any, as required by law.

10. Defendant, at all times relevant to this action, has acted reasonably and in good faith toward Plaintiff, and in fully compliance will all applicable laws.

11. Any action taken by Defendant was job related, consistent with business necessity and reasonably necessary for the normal operation of Defendant's business, and was based on legitimate, reasonable and non-discriminatory business reasons, not any alleged unlawful or discriminatory/retaliatory animus.

12. Plaintiff's alleged damages, or a portion thereof, may be barred by the doctrine of after-acquired evidence.

13. Plaintiff's claims of discrimination are barred because Defendant exercised reasonable care in promulgating and distributing a comprehensive anti-discrimination or harassment policy and complaint procedure, Defendant took measures to prevent and correct any

alleged discrimination or retaliation, and plaintiff failed to take advantage of the preventative or corrective opportunities provided by Defendant or to otherwise avoid harm.

14. Defendant affirmatively states that it will rely upon each and every affirmative defense or other avoidance provided by the Federal Rules of Civil Procedure or law that may become known during the course of this litigation, including discovery, trial or otherwise. Defendant reserves the right to supplement and amend its Affirmative Defenses as warranted by the facts of the case.

**WHEREFORE**, Defendant Duraco Products, Inc. respectfully requests that the Court grant the following relief:

1. Entering judgment dismissing Plaintiff Pleze Robinson's Complaint on the merits and with prejudice;

2. Awarding Defendant its attorneys' fees, costs, and disbursements; and

3. Directing such other relief as the Court deems just and equitable.

By:  s/ Karin Anderson
Attorney for Defendants
Karin Anderson
IL ARDC#:  6277014

Karin Anderson
FORD & HARRISON LLP
55 E. Monroe Street, Suite 2900
Chicago, IL  60603
Telephone:  (312) 332-0777
Facsimile:  (312) 332-6130

Jeremy D. Sosna (MN. Bar #290233)
Of Counsel – *Pro Hac Vice* Application forthcoming
FORD & HARRISON LLP
225 S. Sixth Street, Suite 3150
Minneapolis, MN  55402
Telephone:  (612) 486-1700
Facsimile:  (612) 486-1701

Date:  July 14, 2008

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that the foregoing DEFENDANT DURACO PRODUCTS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES was filed electronically with the Northern District of Illinois on July 14, 2008, and is available for viewing and downloading from the Electronic Case Filing (ECF) System.

Service of this DEFENDANT DURACO PRODUCTS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES was made upon the following NON-ECF user by depositing same in the U.S. Mail depository located at 55 East Monroe Street, Chicago, Illinois, with proper first class postage prepaid, before the hour of 5:00 pm. on July 14, 2008, addressed as follows:

> Pleze Robinson
> 2320 S. 14th Avenue
> Broadview, IL 60155

By: s/ Karin Anderson
Attorney for Defendants
Karin Anderson
IL ARDC #: 6277014

Karin Anderson
FORD & HARRISON LLP
55 E. Monroe Street, Suite 2900
Chicago, IL 60603
Telephone: (312) 332-0777
Facsimile: (312) 332-6130

Jeremy D. Sosna (MN. Bar #290233)
Of Counsel – *Pro Hac Vice* Application forthcoming
FORD & HARRISON LLP
225 S. Sixth Street, Suite 3150
Minneapolis, MN 55402
Telephone: (612) 486-1700
Facsimile: (612) 486-1701

Chicago: 356919.1