# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3469 | **DATE** | 7/22/2008 |
| **CASE TITLE** | Pleze Robinson vs. Duranco Products Inc. | | |

**DOCKET ENTRY TEXT**

For the foregoing reasons, we grant Plaintiff's application to proceed *in forma pauperis (4)* and deny his motion (5) for appointment of counsel without prejudice. It is so ordered. The Clerk of the Court is directed to issue summons and complaint to the U.S. Marshal's Service for service on defendant(s). A status hearing is set for 9/18/08 at 10:30 a.m.

■[ For further details see text below.]      Docketing to mail notices.

## STATEMENT

(Reserved for use by the Court)

### ORDER

    Presently before us is Plaintiff Pleze Robinson's application to proceed *in forma pauperis* and motion for appointment of counsel in his employment discrimination suit against Defendant Duraco Products, Inc., his former employer. Before granting leave to file *in forma pauperis*, we must first determine whether or not Plaintiff is indigent. 28 U.S.C. § 1915(a)(1). We must also conduct an initial review of Plaintiff's complaint and dismiss the action if we find that (1) it is frivolous or malicious; (2) it fails to state a claim on which relief may be granted; or (3) it seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). As to the second factor, failure to state a claim, we apply the test for dismissal under Rule 12(b)(6), which requires "that a complaint contain 'enough facts to state a claim that is plausible on its face.'" *Moore v. F.B.I*, No. 07-1294, 2008 WL 2521089, at *1 (7th Cir. June 25, 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)); *see also George v. Smith,* 507 F.3d 605, 608 (7th Cir. 2007). Where, as here, a plaintiff is proceeding *pro se*, we have a responsibility to construe the complaint liberally. *Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). It is the "well established duty of the trial court to ensure that the claims of a *pro se* litigant are given a fair and meaningful consideration." *Palmer v. City of Decatur*, 814 F.2d 426, 428-29 (7th Cir. 1987).

    In support of his allegation of poverty, Plaintiff submitted the required financial affidavit. He states that he is currently unemployed, with only $300.00 in his bank account. Additionally, although the affidavit suggests that Plaintiff's wife brings in almost $2,500.00 per month from pensions and social security, Plaintiff and his wife owe over $3,000.00 each month in mortgage and Chapter 13 bankruptcy payments. We thus find Plaintiff's allegation of poverty to be true.

    According to the complaint, Defendant discriminated against Plaintiff based on his race in violation of Title VII of the Civil Rights Act and 42 U.S.C. § 1981. In support of this claim, Plaintiff alleges that he was summarily fired from his job whereas Defendant offered a similarly-situated white employee the choice of being laid off or demoted. Plaintiff further alleges that Defendant replaced Plaintiff with a less-experienced white employee. Interpreting the complaint liberally, as we must, we conclude that it does state a claim for disparate

**STATEMENT**

treatment on which relief may be granted.

With regard to Plaintiff's motion for appointment of counsel, there is a threshold requirement that an individual make a reasonable effort to secure counsel, or show that he was effectively precluded from doing so, before presenting a request for counsel appointment. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). We typically require a litigant to submit documentation that demonstrates the refusal of various attorneys to accept the case. According to Plaintiff's motion, his efforts to secure counsel consist of one conversation with a single attorney. We do not believe this meager effort is reasonable. This is especially true under the circumstances of this case; plaintiffs in employment discrimination cases are usually able to find attorneys to represent them on a contingency basis or for a modest fee. *See Thomas v. Chi. Bd. of Educ.*, No. 01-C-9560, 2002 WL 398528, at *1 (N.D. Ill. Mar. 14, 2002). Further, Plaintiff offers no evidence that he was precluded from searching further, or that his case is particularly complex at this stage. For the foregoing reasons, we grant Plaintiff's application to proceed *in forma pauperis* and deny his motion for appointment of counsel without prejudice. It is so ordered.